UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELMER MOCK, | : | **Civil Action No:** |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| FAIRFIELD RESIDENTIAL COMPANY, LLC | : | |
| Defendant. | : | |

Plaintiff, ELMER MOCK, by his attorneys BLAU LEONARD LAW GROUP, LLC

alleges of his own knowledge and conduct and upon information and belief as to all other

matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et.*

*seq.* ("FLSA") in connection with FAIRFIELD RESIDENTIAL COMPANY, LLC's

("FAIRFIELD") violation of its statutory obligations to pay Plaintiff overtime wages, as a non-

exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times his regular rate

of pay, pursuant to 29 U.S.C. §207 (a).

2.      Plaintiff also brings this action under New York's Wage and Hour Laws.  More specifically,

Plaintiff asserts that he is entitled to unpaid overtime wages for his work beyond 40 hours per week, at a

rate of 1.5 times his regular rate of pay pursuant to New York Labor Law §663(1) and the supporting

New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

3.      For at least six (6) years prior to the filing of this Complaint, FAIRFIELD has willfully and

intentionally committed widespread violations of the above-described federal and state statutes and

regulations governing overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiff is seeking unpaid overtime compensation, an equal amount of liquidated damages and prejudgment interest, attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201*et seq.,* a Federal Statute. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and FAIRFIELD is subject to personal jurisdiction in this District.

## THE PARTIES

6.      FAIRFIELD is a limited liability company created and existing under and by virtue of the laws of the State of California, with principal offices located in San Diego, California.

7.      FAIRFIELD owns, operates and controls Vista Point apartment homes, located in Dutchess County, Wappinger Falls, New York 12590.

8.       Plaintiff, ELMER MOCK, was employed by FAIRFIELD as a maintenance supervisor from approximately July 1, 2007 to July 31, 2014.

## FACTUAL ALLEGATIONS

9.      FAIRFIELD is a privately owned multifamily real estate operating company offering a diversified product line including new construction of luxury apartment homes, university student

housing, tax credit affordable housing properties, and renovated apartment homes in urban and suburban infill neighborhoods.

10.    FAIRFIELD engages in business in over 35 geographically diverse markets across the country and employs approximately 1500 people.

11.    FAIRFIELD operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

12.    At all times material and relevant herein, FAIRFIELD was the employer of Plaintiff and possessed the authority and power to hire or terminate Plaintiff; control Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; determined Plaintiff was non-exempt; determined FAIRFIELD's overtime policy; determined compensation day policies and kept and/or had unrestricted access to records regarding Plaintiff's employment.

13.    At all relevant times, Plaintiff was an employee of FAIRFIELD within the meaning of 29 U.S.C. §§201 *et. seq.*

14.    At all relevant times, Plaintiff was an employee of FAIRFIELD within the meaning of NYLL§§650 *et. seq.* and the supporting New York State Department of Labor regulations.

15.    During the applicable statutory period, Plaintiff was required by FAIRFIELD and did regularly work well over 40 hours per week.

16.    During the applicable statutory period, Plaintiff was required by FAIRFIELD and did regularly work approximately 65 hours per week, on average.

17.    At all relevant times, Plaintiff was required by FAIRFIELD, and was "on call" to perform work 24/7.

18.    At all relevant times, Plaintiff worked in the manner described above and FAIRFIELD encouraged, instructed, and required him to work in this manner.

19.    During the applicable statutory period, Plaintiff was paid some overtime compensation by FAIRFIELD, for some hours worked each week, in excess of 40 hours.

20.    During the applicable statutory period, Plaintiff was never paid overtime compensation by FAIRFIELD, for all hours worked each week, in excess of 40 hours.

21.    During the applicable statutory period, Plaintiff was required to work off-the-clock time for which he received zero compensation.

22.    Upon information and belief, FAIRFIELD never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

23.    At all times material and relevant herein, FAIRFIELD failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

24.    FAIRFIELD intentionally and knowingly coerced Plaintiff to work off-the-clock hours to circumvent FLSA and New York wage and hour overtime compensation requirements.

25.    Because FAIRFIELD willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

26.    FAIRFIELD's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

27.    FAIRFIELD's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

28.    FAIRFIELD's failure to pay Plaintiff off-the-clock hours and overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

## FIRST CLAIM FOR RELIEF (FLSA)

29.    Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "28" as if fully set forth herein.

30.    FAIRFIELD failed to accurately record all of the time worked off- the- clock by Plaintiffs.

31.    FAIRFIELD failed to compensate Plaintiffs for all off-the-clock hours worked.

32.    FAIRFIELD knowingly and willfully failed to pay Plaintiffs the minimum wage for each non-overtime hour worked.

33.     FAIRFIELD's off-the-clock practices described herein violated the FLSA.

34.    FAIRFIELD failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

35.    FAIRFIELD failed to compensate Plaintiff at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

36.    FAIRFIELD's overtime practices, as described herein, violated the FLSA.

37.    FAIRFIELDS's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

38.    FAIRFIELD has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as described herein.

39.    Because FAIRFIELD willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

40.    By reason of these unlawful acts, FAIRFIELD has deprived Plaintiff of minimum wage, overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (N.Y. LABOR LAW)

41.    Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "28" and "30" through "40" as if fully set forth herein.

42.    FAIRFIELD failed to accurately record all of the time worked off- the- clock by Plaintiff.

43.    FAIRFIELD failed to compensate Plaintiff for all off-the-clock hours worked.

44.    FAIRFIELD knowingly and willfully failed to pay Plaintiff the minimum wage for each non-overtime hour worked.

45.    FAIRFIELD's off-the-clock practices described herein violated NYLL, Article 19, §§650 *et. seq..*

46.    FAIRFIELD failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

47.    FAIRFIELD failed to compensate Plaintiff at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

48.    FAIRFIELD's overtime practices, as described herein, violated NYLL, Article 19, §§650 *et. seq.*

49.    FAIRFIELDS's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

50.     By reason of these unlawful acts, FAIRFIELD has deprived Plaintiff of minimum wage, overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL§§650 *et. seq.* and the supporting New York State Department of Labor regulations.

### THIRD CLAIM FOR RELIEF (NYLL -Spread of Hours)

51.     Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "28", "30" through "40" and " 42" through "50," as if fully set forth herein.

52.     FAIRFIELD has failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate, for each day that the length of the interval between the beginning and end of his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

53.     By failing to pay Plaintiff spread-of-hours pay, FAIRFIELD has willfully violated NYLL§§650 *et. seq.* and the supporting New York State Department of Labor regulations.

54.     By reason of FAIRFIELD's said violations of the NYLL, Plaintiff is entitled to recover from FAIRFIELD, all unpaid spread-of-hour wages, liquidated damages as provided by the NYLL, reasonable attorney's fees, costs and pre-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for relief and damages as follows:**

(a)     A declaratory judgment that FAIRFIELD's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and attendant regulations at 29 C.F.R. § 516 et.seq.;

(b)     A declaratory judgment that FAIRFIELD's practices alleged herein violate N.Y. Labor Law § 650 et.seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles.

(c)     Judgment for unpaid wages and overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.;

(d)     Judgment for unpaid wages, spread-of-hour wages and overtime pay to which Plaintiff is lawfully entitled pursuant N.Y. Labor Law § 650 et.seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles;

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiff was lawfully entitled, but which were intentionally and wrongfully withheld by FAIRFIELD.

(f)     Judgment for liquidated damages pursuant to N.Y.L.L. Article §§ 190 et. seq., Article 19, §§ 650 et. seq. and 12 N.Y.C.R.R Part 137, to which Plaintiff is entitled.

(g)     Prejudgment interest pursuant to the N.Y.L.L.  §§ 5001.

(h)     An order directing FAIRFIELD to pay Plaintiff his reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem just and proper.

Dated: Huntington, New York
          November 10, 2014

                              BLAU, LEONARD Law Group, LLC

                              By:_____
                              Steven Bennett Blau
                              Shelly A. Leonard
                              23 Green Street, Suite 303
                              Huntington, NY 11743
                              (631) 458-1011
                              sblau@blauleonardlaw.com
                              sleonard@blauleonardlaw.com
                              *Attorneys for Plaintiff*